IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WILLIAM W. MOORE,**<br><br>Petitioner,<br><br>**v.**<br><br>**PEOPLE OF THE STATE OF CALIFORNIA,**<br><br>Respondent. | Case No. 1:16-cv-01368 MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO EXHAUST STATE REMEDIES**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER** |

        Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges an October 29, 2014, Fresno County Superior Court conviction for corporal injury to a spouse and child abuse. (Pet., ECF No. 1.) His petition states that he did not seek review, from the California Supreme Court or any state court, of the claims presented.

**I.      Background**

        Petitioner is currently in the custody of the California Department of Corrections. On September 14, 2016, Petitioner filed the instant petition for writ of habeas corpus in this Court challenging his October 29, 2014 conviction. (Pet., ECF No. 1.)

1

1    Upon review of the petition for writ of habeas corpus, it appears that Petitioner

2  has not presented any of the claims set forth in the petition to the highest state court, the

3  California Supreme Court. On September 21, 2016, this Court ordered Petitioner to show

4  cause why the petition should not be dismissed for failure to exhaust state remedies.

5  Petitioner was forewarned that the failure to comply with the order would result in

6  dismissal of the petition. (Order, ECF No. 5.) Petitioner was ordered to file the response

7  within thirty days of service of the order to show cause. Over thirty days have passed

8  and Petitioner has not filed a response.

9  **II.    Discussion**

10    **A.    Procedural Grounds to Dismiss Petition**

11    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

12  dismiss a petition if it "plainly appears from the petition and any attached exhibits that the

13  petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes

14  to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust

15  state remedies may be raised by the attorney general, thus avoiding the necessity of a

16  formal answer as to that ground."  Based on the Rules Governing Section 2254 Cases,

17  the Court will determine whether Petitioner is entitled to relief pursuant to its authority

18  under Rule 4.

19    **B.    Exhaustion of State Remedies**

20    A petitioner who is in state custody and wishes to collaterally challenge his

21  conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.

22  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court

23  and gives the state court the initial opportunity to correct the state's alleged constitutional

24  deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S.

25  509, 518 (1982).

26    A petitioner can satisfy the exhaustion requirement by providing the highest state

27  court with a full and fair opportunity to consider each claim before presenting it to the

28  federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S.

2

1  270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Additionally, the

2  petitioner must have specifically told the state court that he was raising a federal

3  constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

4  (9th Cir. 2000), amended, 247 F.3d 904 (2001). In Duncan, the United States Supreme

5  Court reiterated the rule as follows:

6       In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that
        exhaustion of state remedies requires that petitioners "fairly presen[t]"
7       federal claims to the state courts in order to give the State the
        "'opportunity to pass upon and correct alleged violations of the prisoners'
8       federal rights" (some internal quotation marks omitted). If state courts are
        to be given the opportunity to correct alleged violations of prisoners'
9       federal rights, they must surely be alerted to the fact that the prisoners are
        asserting claims under the United States Constitution. If a habeas
10      petitioner wishes to claim that an evidentiary ruling at a state court trial
        denied him the due process of law guaranteed by the Fourteenth
11      Amendment, he must say so, not only in federal court, but in state court.

12 Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

13      Our rule is that a state prisoner has not "fairly presented" (and thus
        exhausted) his federal claims in state court *unless he specifically indicated*
14      *to that court that those claims were based on federal law.* See Shumway
        v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme
15      Court's decision in Duncan, this court has held that the *petitioner must*
        *make the federal basis of the claim explicit either by citing federal law or*
16      *the decisions of federal courts, even if the federal basis is "self-evident,"*
        Gatlin v. Madding, 189 F.3d 882, 889  (9th Cir. 1999) (citing Anderson v.
17      Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be
        decided under state law on the same considerations that would control
18      resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098,
        1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir.
19      1996); . . . .

20      In Johnson, we explained that the petitioner must alert the state
        court to the fact that the relevant claim is a federal one without regard to
21      how similar the state and federal standards for reviewing the claim may be
        or how obvious the violation of federal law is.
22
   Lyons, 232 F.3d at 668-669 (italics added).
23
24      As stated above, Petitioner was informed by the Court that the claims of his

25 federal petition were unexhausted, and he was ordered to show cause why the petition

26 should not be dismissed. Petitioner did not respond. As Petitioner has not presented

27 evidence that he has exhausted the claims in the instant petition with the California

28 Supreme Court, the petition must be dismissed.

### III. Recommendation

Accordingly, it is RECOMMENDED that the petition be DISMISSED without prejudice for failure to exhaust state court remedies. Further, the Court ORDERS the Clerk of Court to assign a District Court Judge to the present matter.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   November 18, 2016     /s/ Michael J. Seng
                              UNITED STATES MAGISTRATE JUDGE